# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VANDAMME V. JEANTY | § |
| | §   Civil Action No. 4:19-CV-366 |
| v. | §   (Judge Mazzant/Judge Nowak) |
| | § |
| TXFM, INC., ET AL. | § |
| | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 12, 2020, the report of the Magistrate Judge (Dkt. #174) was entered containing proposed findings of fact and recommendations that Defendants The Colony Police Department's Second Motion to Dismiss (Dkt. #98) and the Denton County District Attorney's Office's Motion to Dismiss (Dkt. #102) be granted and Plaintiff VanDamme V. Jeanty's claims against these Defendants be dismissed because they are non-jural entities incapable of being sued. Plaintiff received electronic notice of the report (Dkts. #22; #26); *see also* docket generally.

Having received the report of the United States Magistrate Judge, having considered Plaintiff's timely filed objections (Dkt. #179), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

Plaintiff objects to the Magistrate Judge's recommendation that Defendants are incapable of engaging in litigation on the basis that such finding is derived largely from caselaw considering civil rights and/or § 1983 claims, and not state and federal wiretap claims, as are asserted against Defendants. In support of his position, Plaintiff argues some circuit courts have concluded that governmental units are amenable to suit under 18 U.S.C. § 2520. Plaintiff also expresses dissatisfaction with the Magistrate Judge's recitation of the factual background. Defendants have responded to Plaintiff's objections, each vehemently urging that Plaintiff's argument misses the mark, because they are not "governmental entities" but rather departments of a governmental entity without a separate jural existence (Dkts. #188; #190).

*Jural Existence*

Federal courts in Texas have uniformly held, as Defendants contend, that entities without a separate jural existence are not subject to suit. *Sims v Chatham-Sims*, No. 3:17-CV-3203-L-BT, 2019 WL3804960, at *4 (N.D. Tex. July 26, 2019) (collecting cases and recommending dismissal of claims including any wiretap claims against a police department on the basis of non-jural existence), *report and recommendation adopted sub nom. Sims v. United States*, No. 3:17-CV-3203-L, 2019 WL 3803671 (N.D. Tex. Aug. 13, 2019). However, even were that not the case, Plaintiff's wiretap claims against Defendants fall squarely within the ambit the of the one-party consent rule and would be subject to dismissal on that basis. Furthermore, and independent of the one-party consent rule, Plaintiff's objections regarding Defendants' amenability to suit under the federal Wiretap Act fail upon closer review of his proffered authority. *See Seitz v. City of Elgin*, 719 F.3d 654, 656–60 (7th Cir. 2013) (providing a detailed discussion and analysis of the scope of the federal Wiretap Act and whether municipalities can be held liable under its provisions), *cert. denied sub nom. Seitz v. City of Elgin, Ill.*, 134 S. Ct. 692, 187 L.Ed. 2d 551 (2013).

Plaintiff contends § 2520(a) was amended to add the phrase "or entity" leaving no doubt that Congress intended to bring municipalities and/or political subdivisions, such as Defendants, within the scope of liability of 18 U.S.C. § 2520(a) (Dkt. #179 at p. 5).

18 U.S.C. § 2520 provides a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter[.]" 18 U.S.C. § 2520(a). The aggrieved party may sue "the person *or entity*, other than the United States, which engaged in that violation[.]" *Id.* (emphasis added). "Person" is defined as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." 18 U.S.C. § 2510(6).

Plaintiff is correct that the statute originally provided for recovery against only "the person" who violated the federal Wiretap Act, and that in 1986 Congress extended the cause of action to any "person or entity" committing a violation. *See Seitz*, 719 F.3d at 656; 18 U.S.C. § 2520(a). However, in 2013, the Seventh Circuit engaged in a detailed analysis of the various provisions of the federal Wiretap Act and found that, even though "entity" as used in § 2520 includes government units, § 2520 does not provide a cause of action against municipalities because § 2520 itself creates no substantive rights. *Seitz*, 719 F.3d at 657. The *Seitz* court reasoned, § 2520 "simply provides a cause of action to vindicate rights identified in other portions of the [federal Wiretap Act], specifically communications 'intercepted, disclosed, or intentionally used *in violation of this chapter*' . . . . In this sense, § 2520 is like 42 U.S.C. § 1983." *Id.* (quoting 18 U.S.C. § 2520(a)) (emphasis in original). *Seitz* therefore held that "§ 2511(1) protects only against actions taken by a person' as defined in the statute, which does not include municipalities." *Id.* at 658. Thus, the Seventh Circuit concluded that, "even though 'entity' includes government units,

3

§ 2520 provides no cause of action against a municipality for violations of § 2511(1) because nothing in the 1986 amendments altered the scope of the substantive violation by expanding it beyond 'persons' as defined in the [federal Wiretap Act]." *Id.* The Court finds the Seventh Circuit's reasoning in *Seitz* convincing. *See also Stewart v. City of Oklahoma*, No. CIV-18-420-PRW, 2020 WL 4352503, at *2 (W.D. Okla. July 29, 2020); *Head v. Sacramento*, No. 2:19-cv-01663-TLN-CKD, 2020 WL 3429485, at *3 (E.D. Cal. June 23, 2020); *Whitaker v. Barksdale Air Force Base*, No. 14-2342, 2015 WL 574697, at *5 (W.D. La. Feb. 11, 2015). In the instant case, as in *Seitz*, Plaintiff accuses Defendants of violating § 2511(1). Applying *Seitz*, Defendants' Motions to Dismiss The Colony Police Department and Denton County District Attorneys' Office from Plaintiff's wiretap claims should be granted. Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff's timely filed objections (Dkt. #179), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #174) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that The Colony Police Department's Second Motion to Dismiss (Dkt. #98) and the Denton County District Attorney's Office's Motion to Dismiss (Dkt. #102) are **GRANTED**. Plaintiff VanDamme V. Jeanty's claims against these Defendants are **DISMISSED**.

**IT IS SO ORDERED**.

SIGNED this 23rd day of September, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE