# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VANDAMME V. JEANTY | § |
| | §  Civil Action No. 4:19-CV-366 |
| v. | §  (Judge Mazzant/Judge Nowak) |
| | § |
| TXFM, INC., ET AL. | § |
| | § |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 18, 2020, the report of the Magistrate Judge (Dkt. #177) was entered containing proposed findings of fact and recommendations that Defendants TXFM, Inc., Edward Lipsett, and Casey McGregor's Second Motion to Dismiss (Dkt. #105) be granted and Plaintiff VanDamme V. Jeanty's claims against these Defendants be dismissed for failure to state a claim. Plaintiff received electronic notice of the report (Dkts. #22; #26); *see also* docket generally.

Having received the report of the United States Magistrate Judge, having considered Plaintiff's timely filed objections (Dkt. #180), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). Plaintiff objects to the Magistrate Judge's recommendation that his claims for violations of the state and federal wiretap acts be dismissed, arguing that in reaching such a conclusion the Magistrate Judge

adopted and/or otherwise presumed allegations in Defendants' Motion to Dismiss to be true. Plaintiff also expresses dissatisfaction with the Magistrate Judge's recitation of the factual background and argues that his false arrest claims are not time barred because he is subject to ongoing criminal proceedings. Plaintiff requests leave to further amend his complaint in lieu of dismissal of his claims. Defendants TXFM, Inc., Edward Lipsett, and Casey McGregor rejoin that Plaintiff should not be afforded leave to amend as "no iteration of Plaintiff's complaint" could remedy the deficiencies outlined in the report, namely that "Defendants cannot be liable for wiretapping under the one-party consent rule, Defendants are not state actors for § 1983 or any other purposes, and . . . the applicable statutes of limitations bar Plaintiff's case" (Dkt. #181 at pp. 1–2).

*Wiretap Claims*

Plaintiff's wiretap claims against Defendants fall squarely within the ambit of the one-party consent rule. Plaintiff does not dispute in his Objections that one party to the recorded communications consented to the recording. Rather, Plaintiff contends the Magistrate Judge failed to accord his factual allegations the presumption of truth, focusing on Plaintiff's assertion that one-party consent, which again the Magistrate Judge found barred his wiretap claims, does not apply where the person who recorded the call did so "for the purpose of committing any criminal or tortious act" (Dkt. #180 at pp. 3–7). Plaintiff contends that, in reaching the conclusion that no criminal or tortious purpose existed, the Magistrate Judge stated her own opinion that "[p]rosecuting Plaintiff for the fraudulent use and/or possession of the identifying information of another, cannot, in good conscience be considered, a 'criminal or tortious purpose'" (Dkt. #180 at p. 7). Plaintiff twists the statement out of context, ignoring that immediately prior to such statement the Magistrate Judge makes clear that the limitation on the one-party consent rule

2

advanced by Plaintiff is exceedingly narrow, and confined to instances where committing a crime or tort is the primary motivation behind a defendant's conduct. The exception is accordingly "confined to instances where the recording party intends to use the recording to harm or injure a recorded party, such as to blackmail, threaten, or publicly embarrass the recorded party." *See Stark v. United States*, No. 3:16-CV-298-M, 2017 WL 1185278, at *4 (N.D. Tex. Mar. 6, 2017) (quoting *United States v. Jiau*, 734 F.3d 147, 152 (2d. Cir. 2013)). Stated differently, the focus is not on whether the interception itself violated the law, but rather whether the primary purpose for the interception, i.e., its intended use, was for the purpose of committing some other crime or tort. *See* 18 U.S.C. § 2511(2)(d).

With the narrowness of the exception in mind, the Court turns to Plaintiff's pleadings. While Plaintiff has pleaded that Defendants intercepted the communications with "the intent to harm and injure" and his Objections detail "three [supporting] tortious acts" and "seven criminal acts" (Dkt. 180 at pp. 4–5), Plaintiff's factual allegations underlying the supporting conduct, other than the fact that the recordings were used in connection with his criminal prosecution, are based upon information and belief, and Plaintiff has failed to state with particularity any facts on which such beliefs are formed. Also missing from Plaintiff's live pleading are, as the Magistrate Judge noted, allegations showing that the primary motivation in intercepting the conversation was to commit a criminal or tortious act independent from the act of recording. Plaintiff does not plead that Defendants threatened to use the tapes against him, made the recording to blackmail Plaintiff, or intended the recording for the purpose of embarrassing Plaintiff. Plaintiff's allegations amount to nothing more than a label—a recitation of the exception to one-party consent. Defendants are not precluded from relying on the one-party consent rule. Plaintiff's Objections are overruled. Plaintiff's wiretap claims against Defendants are properly dismissed.

*Statute of Limitations*

Plaintiff next contends the Magistrate Judge erred in finding Plaintiff's false arrest claims asserted under § 1983 are barred by limitations (Dkt. #180 at p. 8). Plaintiff advances that the Magistrate Judge erred in placing accrual of the claim at the time of arrest and argues several alternative theories of accrual premised upon the ongoing nature of his criminal proceedings.

Federal law holds generally that a civil rights action accrues when a plaintiff has a complete and present cause of action, or, when the plaintiff can file suit and obtain relief. Specifically, as to false arrest and false imprisonment claims which overlap, the Supreme Court in *Wallace v. Kato* concluded that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends" and "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." 549 U.S. 384, 389 (2007) (emphasis in original). Plaintiff contends he was not bound over in November 2015 "because Plaintiff's November 9, 2015 arrest[] was followed by criminal proceedings" (Dkt. 180 at p. 9). Plaintiff seemingly argues that he cannot be considered "bound over" until April 1, 2016, the date of his indictment. A bond hearing constitutes legal process under *Wallace*. *See Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010); *Laborde v. Lunceford*, No. 6:10-CV-30, 2010 WL 3238311, at *3 (E.D. Tex. Aug. 13, 2010) ("Being bonded to appear is sufficient legal process to begin running the statute of limitations under a Fourth Amendment false arrest claim"). Plaintiff was able to bond out of jail on November 13, 2015 (Dkt. #89 at pp. 9–10). Thus, as articulated by the Magistrate Judge, the latest Plaintiff's false arrest claims could begin to accrue was November 13, 2015—the date he bonded out.

Plaintiff further argues that *Heck v. Humphrey* precludes the Court from applying the general accrual rule.  512 U.S. 477 (1994).  Although the Supreme Court did hold that a "§ 1983 cause of action or damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence is invalidated," *id*. at 486–87, "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace*, 549 U.S. at 393.  There is no criminal judgment in this case.  Plaintiff's claims fall outside *Heck*'s ambit.  Both of the cases Plaintiff relies upon to advance his theory, *McDonough* and *Savory*, support this result.  Plaintiff also attempts to argue a new theory that his pre-trial release conditions have subjected him to a seizure.  Plaintiff's Objections are overruled.  Plaintiff's claims under § 1983, specifically those for false arrest, are barred by limitations.

### *Request for Leave to Amend*

Plaintiff finally urges that the Magistrate Judge has committed reversible error as she "refused to afford him at least one opportunity to amend his pleading in violation of clearly established law" (Dkt. #180 at pp. 2, 13).  Plaintiff's averments are misleading as he has been permitted an opportunity to amend and state his best case.  Indeed, after the filing of Defendants' First Motion to Dismiss, the Magistrate Judge expressly concluded "Plaintiff should be provided an opportunity to file an amended complaint" to more fully address the arguments raised and directed Plaintiff to consider the pending dispositive motions and file a further complaint (Dkts. #50; #79).  After significant delays postponing consideration of Defendants' pending dispositive motions (*see* Dkt. #95), Plaintiff filed his live pleading earlier this year (Dkt. #89).  The Court advised in permitting Plaintiff's late-filed amendment that "[n]o further amendments to Plaintiff's Second Amended Complaint [would] be permitted" until the Court considered

5

Defendants' dispositive motions (Dkt. #95). Each of the Defendants again moved to dismiss Plaintiff's claims; Plaintiff, after briefing was concluded, attempted to file a further, third amended complaint. "[P]leading review is not a game where the plaintiff is permitted to file serial amendments." *Whiddon v. Chase Home Finance, LLC*, 666 F. Supp. 2d 681, 693 (E.D. Tex. 2009) (quoting *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). When a "proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *Id*. (quoting *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007)). Plaintiff has already pleaded his best case as to Defendants TXFM, Inc., Edward Lipsett, and Casey McGregor. Plaintiff's claims against these Defendants are barred by the one-party consent exception and limitations, and allowing Plaintiff to amend these claims would be a futile act. Because Plaintiff has already filed an amended complaint and because granting leave to file a further amended complaint would be futile and cause needless delay, Plaintiff's request for leave is denied. Justice does not require any further amendment.

## CONCLUSION

Having considered Plaintiff's timely filed objections (Dkt. #180), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #177) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants TXFM, Inc., Edward Lipsett, and Casey McGregor's Second Motion to Dismiss (Dkt. #105) is **GRANTED**. Plaintiff VanDamme V. Jeanty's claims against these Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.
**SIGNED** this 29th day of September, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE