# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VANDAMME V. JEANTY § | |
| § | Civil Action No. 4:19-CV-366 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| TXFM, INC., ET AL. § | |
| § | |

**MEMORANDUM ADOPTING IN PART REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 20, 2020, the report of the Magistrate Judge (Dkt. #178) was entered containing proposed findings of fact and recommendations that: Defendants Tracy Murphree, David Coulon, Jason Stevens, City of The Colony, Michael Dickens, and Denton County's Motions to Dismiss (Dkts. #97; #99; #100; #103; #104) each be granted; Plaintiff's claims against these Defendants, as well as the Jane Doe Jailers, be dismissed for failure to state a claim; Defendant City of The Colony's Motion to Strike (Dkt. #132) be granted; and Defendant Big Bubba's Bail Bonds' Motion to Dismiss (Dkt. #107) be granted "to the extent that if the reports and recommendations as to the other Defendants are each adopted, this Court should decline supplemental jurisdiction and Plaintiff's claims against this Defendant should be dismissed without prejudice to refiling in state court" (Dkt. #178 at p. 31). Plaintiff received electronic notice of the report (Dkts. #24 at p. 3; #26 at p. 1); *see also* docket generally.

Having received the reports of the United States Magistrate Judge, having considered Plaintiff's objections (Dkt. #184), and having considered Defendants' responses (Dkts. #187; #189; #191), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, except as it relates to the disposition of Defendant Big Bubba's Bail Bonds.

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

As an initial matter, Plaintiff does not object to the Magistrate Judge's finding that Defendant City of The Colony's Motion to Strike should be granted. As such, the Court adopts this finding and grants the Motion to Strike (Dkt. #132). Moreover, the Court rejects at the outset the Magistrate Judge's basis underlying the recommendation regarding Defendant Big Bubba's Bail Bonds' Motion to Dismiss. In recommending that the Court decline supplemental jurisdiction, the Magistrate Judge truncated the necessary analysis, failing to explore Plaintiff's allegation that alienage jurisdiction exists in this matter and also Defendant's allegations that Plaintiff has failed to state a claim. Upon further consideration, the Court finds granting in part and denying in part the motion appropriate, as set forth more fully herein.

Plaintiff does object to the Magistrate Judge's recommendation that his claims for violations of the state and federal wiretap acts be dismissed, arguing that in reaching such a conclusion the Magistrate Judge adopted and/or otherwise presumed allegations in Defendants' Motion to Dismiss to be true, improperly relied upon Defendant Stevens's probable cause affidavit, and found without foundation that the moving defendants had no involvement in the recording of Plaintiff (Dkt. #184 at pp. 2–7). Plaintiff further contends that the Magistrate Judge erred in finding the one-party consent rule applies and that Plaintiff had no reasonable expectation of privacy (Dkt. #184 at pp. 8–12). Plaintiff continues on to express dissatisfaction with the Magistrate Judge's recitation of the factual background and argues that his § 1983 claims, including specifically any claims for false arrest, are not time-barred because of the date he

discovered the violations of his constitutional rights and also because he is subject to ongoing criminal proceedings (Dkt. #184 at pp. 12–20). Plaintiff requests leave to further amend his complaint against Defendants Tracy Murphree, David Coulon, Jason Stevens, City of The Colony, Michael Dickens, and Denton County's in lieu of dismissal of his claims (Dkt. #184 at pp. 20–26). Lastly, Plaintiff contends the Magistrate Judge erred in recommending the Court decline supplemental jurisdiction over the claims against Big Bubba's Bail Bonds because he is not a citizen of the United States and alienage jurisdiction applies (Dkt. #184 at pp. 25–26).

Defendants City of The Colony, David Coulon, and Jason Stevens argue, in contrast to Plaintiff's objections, that the Magistrate Judge properly found no personal involvement by any state actor in connection with Plaintiff's wiretap claims, and that in any event, Defendants cannot be liable for wiretapping given the applicability of the one-party consent rule and the absence of a reasonable expectation of privacy (Dkt. #187). Defendants City of The Colony, David Coulon, and Jason Stevens also advocate that the Magistrate Judge's exhaustive limitations analysis amply reflects that Plaintiff's § 1983 claims are barred (by several years) and Plaintiff has already been given leave to amend (Dkt. #187). Defendant Tracy Murphree similarly contends the Magistrate Judge correctly evaluated and applied the law regarding limitations (Dkt. #189). Defendant Tracy Murphree further argues that Plaintiff's objections should be overruled because they do not mention and/or are not specific as it relates to him and because Plaintiff has already had an opportunity to amend (Dkt. #189). Defendants Denton County, Texas, and Michael Dickens have also filed a response to Plaintiff's objections. Therein, they, like the other Defendants, urge the Court to adopt the Magistrate Judge's findings because the Court has found the one-party consent rule applicable to the recording the subject of the wiretap claims and because Plaintiff's remaining claims are time-barred (Dkt. #191).

The Court has already addressed several Plaintiff's objections to this report in connection with its consideration of the Magistrate Judge's other reports. Notwithstanding, the Court reiterates its discussion herein.

***Wiretap Claims Against Defendants Murphree, Coulon, Stevens, City of The Colony, Dickens, and Denton County***

Before addressing the substance of Plaintiff's wiretap claims, the Court addresses Plaintiff's contention that the Magistrate Judge improperly referenced Defendant Stevens's Probable Cause Affidavit (Dkt. #184 at p. 4). Plaintiff admits that his live pleading references the affidavit, but nonetheless claims the Court could not consider it and/or that in considering it the Court failed to accord his allegations with a presumption of truth. Plaintiff is incorrect. The Affidavit is properly considered in connection with the Motions to Dismiss. Moreover, as Defendants City of The Colony, Coulon, and Stevens point out, even were that not the case, when discussing the wiretap claims, "the Magistrate Judge precisely points to Plaintiff's own allegations – not the Probable Cause Affidavit – as the factual underpinnings for such analysis" (Dkt. #187 at p. 3).

As the Court has previously confirmed, Plaintiff's wiretap claims against Defendants fall squarely within the ambit of the one-party consent rule and are subject to dismissal on this basis. Plaintiff once more does not dispute in his Objections that one party to the recorded communications consented to the recording. Rather, Plaintiff again contends that one-party consent does not apply where the person who recorded the call did so "for the purpose of committing any criminal or tortious act" (Dkt. #184 at pp. 7–9; *see also* Dkt. #180 at pp. 6–7). Defendants City of The Colony, Coulon, and Stevens reiterate their lack of involvement in the recording event and further assert "[t]here was nothing tortious nor criminal about the Nebraska Furniture Mart personnel recording a shoplifting suspect in their store" (Dkt. #187 at pp. 4–5).

The limitation on the one-party consent rule advanced by Plaintiff is exceedingly narrow, and "confined to instances where the recording party intends to use the recording to harm or injure a recorded party, such as to blackmail, threaten, or publicly embarrass the recorded party." *See Stark v. United States*, No. 3:16-CV-298-M, 2017 WL 1185278, at *4 (N.D. Tex. Mar. 6, 2017) (quoting *United States v. Jiau*, 734 F.3d 147, 152 (2d. Cir. 2013)). Stated differently, the focus is not upon whether the interception itself violated the law, but rather whether the primary purpose for the interception, i.e., its intended use, was for the purpose of committing some other crime or tort. *See* 18 U.S.C. § 2511(2)(d).

The Court looks again at Plaintiff's pleadings. While Plaintiff has pleaded that Defendants intercepted the communications with "the intent to harm and injure" and his Objections detail "three [supporting] tortious acts" and "seven criminal acts" (Dkt. #184 at p. 9; *see also* Dkt. #180 at pp. 4–5), Plaintiff's factual allegations underlying the supporting conduct, other than the fact that the recordings were used in connection with his criminal prosecution, are based upon information and belief, and Plaintiff has failed to state with particularity any facts on which such beliefs are formed. Also missing from Plaintiff's live pleading are, as the Magistrate Judge noted, allegations showing that the primary motivation in intercepting the conversation was to commit a criminal or tortious act independent from the act of recording. Plaintiff does not plead that Defendants threatened to use the tapes against him, made the recording to blackmail Plaintiff, or intended the recording for the purpose of embarrassing Plaintiff. Plaintiff's allegations amount to nothing more than a label—a recitation of the exception to one-party consent. *See Goss v. Bonner*, No. CV-18-08295-PCT-SMB, 2020 WL 1479131, at *3 (D. Ariz. Mar. 26, 2020) (dismissing wiretap claims after finding the only allegations that came close to alleging a criminal or tortious act conclusory: "The interception was made by Defendant [] for the purpose of tortious conduct,

5

to cause emotional distress or other harm to Plaintiff, [and it] damaged [him] when it was used in an administrative proceeding"). Defendants are not precluded from relying on the one-party consent rule; Plaintiff cannot contort "criminal or tortious" here.

In addition, Plaintiff argues *Nored*, *Long*, and *Kee* do not support the conclusion that Plaintiff lacked a reasonable expectation of privacy (Dkt. #184 at p. 11). Defendants roundly reject Plaintiff's attempts to distinguish each of the cited cases (Dkts. #187 at p. 5; #191 at p. 2). None of the distinctions alleged by Plaintiff in his discussion of these cases impact the Magistrate Judge's determination that Plaintiff lacked a reasonable expectation of privacy. The Magistrate Judge is correct that, "[u]nder the facts and circumstances before the Court, as pleaded by Plaintiff, there can be no credible argument that an individual detained by a retailer such as NFM, on suspicions of theft and/or fraud, has a reasonable expectation of privacy in the communications made to security personnel and local law enforcement in response to such suspicions" (Dkt. #178 at p. 16). Plaintiff's Objections as to the wiretap claims are overruled. Plaintiff's wiretap claims against Defendants are properly dismissed.

***Statute of Limitations – 1983 Claims Against Defendants Murphree, Coulon, Stevens, City of The Colony, Dickens, and Denton County***

Plaintiff next contends the Magistrate Judge erred in finding Plaintiff's claims under § 1983 are barred by limitations. Plaintiff alleges the Magistrate Judge has done "all sorts of back flips and contortionist feats" to recommend dismissal of his civil rights claims (Dkt. #184 at p. 13). Plaintiff specifically culls out his *Monell*, bad faith prosecution, and false arrest claims (Dkt. #184 at pp. 13–20).

### *Statute of Limitations –* **Monell** *claims*

Plaintiff's purported *Monell* claims, per his own recitation, are "claims in connection with the Defendants' surreptitious recording of his oral communications" at Nebraska Furniture Mart

6

(Dkt. #184 at p. 13). Defendants contend "no amount of mocking the Magistrate Judge will change the fact that the Plaintiff missed limitations by several years" (Dkt. #187 at p. 6; *see also* Dkts. #189 at p. 4; #191 at p. 3). Plaintiff filed the instant suit more than two years after his alleged constitutional deprivation and, as such, the *Monell* claims are correctly dismissed as time-barred.

### *Immunity – Bad Faith/Malicious Prosecution*

Plaintiff next argues his bad faith/malicious prosecution claims cannot be time-barred because he is still being prosecuted (Dkt. #184 at p. 13). However, "[c]ontrary to Plaintiff's assertion, the Magistrate Judge did not dismiss 'any claim against ADA Dickens related to the criminal prosecution against Plaintiff' on the basis of statute of limitations, but rather the Magistrate Judge dismissed 'any claim against ADA Dickens related to the criminal prosecution against Plaintiff' on the basis of immunity" (Dkt. #191 at p. 3). The Magistrate Judge correctly determined that Plaintiff's claims against ADA Dickens in his official capacity are barred by the Eleventh Amendment and Plaintiff's claims against ADA Dickens in his individual capacity are barred by prosecutorial immunity.

### *Statute of Limitations – False Arrest Claims*

As to Plaintiff's false arrest claims, Plaintiff advances that the Magistrate Judge erred in placing accrual of the claim at the time of arrest and argues several alternative theories of accrual premised upon the ongoing nature of his criminal proceedings (Dkt. #184 at pp. 14–20).

Federal law generally holds that a civil-rights action accrues when a plaintiff has a complete and present cause of action, or when the plaintiff can file suit and obtain relief. Specifically, as to false arrest and false imprisonment claims, which overlap, the Supreme Court in *Wallace v. Kato* concluded "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends" and "[r]eflective of the fact that false imprisonment consists of detention

without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." 549 U.S. 384, 389 (2007) (emphasis in original).  Plaintiff contends he was not bound over in November 2015 "because Plaintiff's November 9, 2015 arrest[] was followed by criminal proceedings" (Dkt. #184 at p. 15).  Plaintiff seemingly argues that he cannot be considered "bound over" until April 1, 2016, the date of his indictment.  A bond hearing constitutes legal process under *Wallace*. *See Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010); *Laborde v. Lunceford*, No. 6:10-CV-30, 2010 WL 3238311, at *3 (E.D. Tex. Aug. 13, 2010) ("Being bonded to appear is sufficient legal process to begin running the statute of limitations under a Fourth Amendment false arrest claim"). Plaintiff was able to bond out of jail on November 13, 2015 (Dkt. #89 at pp. 9–10).  Thus, as articulated by the Magistrate Judge, the latest Plaintiff's false arrest claims could begin to accrue was November 13, 2015—the date he bonded out.

Plaintiff further argues that *Heck v. Humphrey* precludes the Court from applying the general accrual rule.  512 U.S. 477 (1994).  Although the Supreme Court did hold that a "§ 1983 cause of action or damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence is invalidated," *id.* at 486–87, "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace*, 549 U.S. at 393.  There is no criminal judgment in this case.  Plaintiff's claims fall outside *Heck*'s ambit.  Both of the cases Plaintiff relies upon to advance his theory, *McDonough* and *Savory*, support this result. Plaintiff also attempts to argue a new theory that his pre-trial release conditions have subjected him to a seizure.

Plaintiff's Objections are overruled. Plaintiff's claims under § 1983, specifically his *Monell* claims and false arrest claims against Defendants Murphree, Coulon, Stevens, City of The Colony, Dickens, and Denton County, are barred by limitations and/or immunity.

***Request for Leave to Amend Against Defendants Murphree, Coulon, Stevens, City of The Colony, Dickens, and Denton County***

Plaintiff further urges that the Magistrate Judge has committed reversible error as she "refused to afford him at least one opportunity to amend his pleading in violation of clearly established law" (Dkt. #187 at p. 22). Plaintiff's averments are misleading as he has been permitted an opportunity to amend and state his best case. Indeed, after the filing of certain of the defendants initial motions to dismiss, the Magistrate Judge expressly concluded "Plaintiff should be provided an opportunity to file an amended complaint" to more fully address the arguments raised and directed Plaintiff to consider the pending dispositive motions and file a further complaint (Dkts. #50; #79). After significant delays postponing consideration of Defendants' pending dispositive motions (*see* Dkt. #95), Plaintiff filed his live pleading earlier this year (Dkt. #89). The Court advised in permitting Plaintiff's late-filed amendment that "[n]o further amendments to Plaintiff's Second Amended Complaint [would] be permitted" until the Court considered Defendants' dispositive motions (Dkt. #95). Each of the Defendants again moved to dismiss Plaintiff's claims; Plaintiff, after briefing was concluded, attempted to file a further, third amended complaint.

"[P]leading review is not a game where the plaintiff is permitted to file serial amendments." *Whiddon v. Chase Home Finance, LLC*, 666 F. Supp. 2d 681, 693 (E.D. Tex. 2009) (quoting *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). When a "proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *Id.* (quoting *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3

(N.D. Tex. Aug. 23, 2007)). Plaintiff has already pleaded his best case as to Defendants Murphree, Coulon, Stevens, City of The Colony, Dickens, and Denton County. Plaintiff's claims against these Defendants are barred by the one-party consent exception, limitations, and immunity, and allowing Plaintiff to amend these claims would be a futile act. Because Plaintiff has already filed an amended complaint and because granting leave to file a further amended complaint would be futile and cause needless delay, Plaintiff's request for leave is denied. Justice does not require any further amendment.

### *Defendant Big Bubba's Bail Bonds*

At this juncture, all defendants have been dismissed from this case except for Big Bubba's Bail Bonds against whom Plaintiff asserts two state law claims for breach of contract and false imprisonment.

#### *Alienage Jurisdiction*

The Magistrate Judge recommended the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendant Big Bubba's Bail Bonds (Dkt. #178 at pp. 30–31). In his objections, Plaintiff asserts the Magistrate Judge improperly recommended declining supplemental jurisdiction over these state-law claims because "Plaintiff has asserted alienage jurisdiction and expressly alleges he is a citizen of a foreign state, viz., the Republic of Haiti and that he is not a lawful permanent resident of the United States" (Dkt. #184 at p. 25).

28 U.S.C. § 1332 states in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens of a State and citizens or subjects of a foreign state*, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

28 U.S.C. § 1332(a)(2) (emphasis added). This is a variant of diversity jurisdiction often characterized as "alienage jurisdiction." *Pina-Martinez v. Saldana*, No. 1:18-CV-31, 2018 WL 4140683, at *2 (S.D. Tex. Aug. 30, 2018); *Doe v. United States*, 831 F.3d 309, 322 (5th Cir. 2016). Alienage jurisdiction also requires complete diversity. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires only that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, 384 F. Supp. 3d 697, 699 (E.D. Tex. 2019) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)) (internal quotation marks and alterations omitted). Thus, in the context of alienage jurisdiction, "if at least one plaintiff and at least one defendant have citizenship in a foreign state, complete diversity does not exist and the court cannot maintain the action." *Pina-Martinez*, 2018 WL 4140683, at *2 (citing *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1153 (5th Cir. 1985)).

Here, Plaintiff properly alleged in his live pleading that the Court has alienage jurisdiction under § 1332(a)(2) because he is "a native and national of Haiti" and "not a permanent resident of the United States" (Dkt. #89 at p. 2). None of the named defendants are alleged to be citizens of a foreign state (Dkt. #89 at pp. 3–6). Plaintiff specifically alleges Big Bubba's is a corporate entity that does business in the State of Texas (Dkt. #89 at p. 3). Moreover, Plaintiff seeks relief against Big Bubba's for over one million dollars (Dkt. #89 at p. 45). *See* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"). None of these allegations are contested in Big Bubba's Motion to Dismiss or Reply in Support (Dkts. #107; #131). Because it is also uncontroverted that Plaintiff is a citizen of a foreign state, that Plaintiff is not lawfully admitted for permanent residence in the United States, the name defendants are citizens of Texas and not otherwise citizens of a foreign state, and

11

that Plaintiff asserts a claim with a matter in controversy that exceeds $75,000, the Court concludes that it retains alienage jurisdiction over Plaintiff's two state-law claims against Big Bubba's. *See* 28 U.S.C. § 1332(a)(2); *Pina-Martinez*, 2018 WL 4140683, at *2. Unlike situations involving the discretion granted to courts exercising supplemental jurisdiction, the Court cannot decline to hear a case over which it has subject matter jurisdiction per the mandatory language of the diversity statute. *Compare* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . ." (emphasis added)), *with* 28 U.S.C. 1332(a)(2) ("The district courts *shall* have original jurisdiction of all civil actions . . . ." (emphasis added)). The Magistrate Judge erred by recommending the Court decline supplemental jurisdiction.

### *State-law Claim for False Imprisonment*

Notwithstanding the Court's retention of alienage jurisdiction over Plaintiff's state-law claims against Big Bubba's, Plaintiff's claim against Big Bubba's for false imprisonment under Texas law is barred by the statute of limitations. The Magistrate Judge noted this in her recommendation that Plaintiff's claim for false imprisonment is "likely barred by the two-year statute of limitations" (Dkt. #178 at pp. 30–31 n.14). The Court agrees. "[T]he limitations period for bringing a cause of action for false imprisonment is two years." *Nazir v. Wal-Mart Stores*, No. H-09-2902, 2009 WL 3735937, at *6 (S.D. Tex. Nov. 4, 2009)) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Plaintiff's live pleading alleges Big Bubba's "prematurely and unreasonably caused a court to issue the capias" that resulted in his arrest (Dkt. #89 at p. 45). For the same reasons outlined herein as to Plaintiff's false imprisonment claims under federal law, Plaintiff's false imprisonment claim under Texas law is barred by the statute of limitations. The latest Plaintiff's false imprisonment claims could begin to accrue was November 13, 2015—the date he bonded out—and Plaintiff did not file the instant suit until over two years later (Dkt. #3 at pp. 97–

98).  Plaintiff's false imprisonment claim under Texas law is time-barred.  Accordingly, the Court finds that Big Bubba's Motion to Dismiss (Dkt. #107) should be granted as to Plaintiff's false imprisonment claim under state law.

### *Breach of Contract*

However, the Court determines Plaintiff's breach-of-contract claim should survive (Dkt. #107).  Big Bubba's argues that Plaintiff's live pleading "demonstrates on its face that the plaintiff remained bondable and later posted a new bond and in fact was released" (Dkt. #107 at pp. 3–4).  In response, Plaintiff argues Texas law permits a principal to file a civil suit against a surety "if the withdrawal of the bond was without reasonable cause" (Dkt. #120 at p. 3).  In reply, Big Bubba's reasserts the same bases for relief in its Motion to Dismiss (Dkt. #131).

To succeed on a breach-of-contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 465 (5th Cir. 2003).  Plaintiff's live pleading alleges Plaintiff entered into a contract with Big Bubba's on November 13, 2015 (Dkt. #89 at p. 45).  Specifically, Plaintiff alleges Big Bubba's "provided a $40,000 surety bond for Plaintiff's release from custody" in exchange for a $4,700 fee that Plaintiff paid (Dkt. #89 at p. 10).  Plaintiff continues on to allege Big Bubba's "was made aware of Plaintiff's mental incapacity and unsound mind during and following Plaintiff's hospitalization" but nonetheless "moved the trial court for an arrest warrant" against Plaintiff, which ultimately resulted in the trial court issuing a capias for Plaintiff's arrest (Dkt. #89 at p. 10).  Plaintiff then alleges Big Bubba's "stated reason for withdrawing Plaintiff's bond was because it assumed that Plaintiff was likely to abscond due to his immigration status" (Dkt. #89 at p. 10).  Thus, Plaintiff claims Big Bubba's

breached the contract even though Plaintiff "abided by the terms" when Big Bubba's "surrendered Plaintiff's bond without cause," which resulted in Plaintiff's re-arrest and subsequent re-release after paying "a subsequent bond amount with another company" (Dkt. #89 at p. 45). Under Texas law, a principal can generally pursue a civil action against a surety arising out of a bail bond agreement. *McConathy v. State*, 545 S.W.2d 166, 169 n.3 (Tex. Crim. App. 1977); *see also Cooper v. Hunt*, No. 05-14-00928-CV, 2016 WL 1213299, at *3 (Tex. App.—Dallas Mar. 29, 2016, no pet.). After careful review, the Court finds that Plaintiff has sufficiently stated a breach of contract claim against Big Bubba's for the purpose of defeating the instant 12(b)(6) Motion to Dismiss. *See ResMan, LLC v. Karya Prop. Mgmt., LLC*, No. 4:19-CV-00402, 2019 WL 4394564, at *3 (E.D. Tex. Sept. 13, 2019). Accordingly, the Court finds that Big Bubba's Motion to Dismiss (Dkt. #107) should be denied as to Plaintiff's breach-of-contract claim.

## CONCLUSION

Having considered Plaintiff's timely filed objections (Dkt. #184), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #178) as the findings and conclusions of the Court, except as it relates to the disposition of Plaintiff's breach of contract claim against Defendant Big Bubba's Bail Bonds. Accordingly,

It is therefore **ORDERED** that Defendants Tracy Murphree, David Coulon, Jason Stevens, City of The Colony, Michael Dickens, and Denton County's Motions to Dismiss (Dkts. #97; #99; #100; #103; #104) are each **GRANTED**. VanDamme V. Jeanty's claims against Defendants Tracy Murphree, David Coulon, Jason Stevens, City of The Colony, Michael Dickens, and Denton County, as well as the Jane Doe Jailers, are **DISMISSED WITH PREJUDICE**, except for any bad faith/malicious prosecution claims against Dickens, in his official capacity, which are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendant City of The Colony's Motion to Strike (Dkt. #132) is **GRANTED**.  Pages fifteen through nineteen of Plaintiff's Response (Dkt. #111 at pp. 15–19) are **STRICKEN**.

It is finally **ORDERED** that Defendant Big Bubba's Bail Bonds' Motion to Dismiss (Dkt. #107) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's false imprisonment claim against Defendant Big Bubba's Bail Bonds is **DISMISSED WITH PREJUDICE**. Plaintiff's breach of contract claim against Defendant Big Bubba's Bail Bonds is the sole remaining claim in this civil action.

**IT IS SO ORDERED**.

**SIGNED this 29th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE